Good morning, Your Honors, and may it please the Court. My name is William Pittard, and I represent the Clerk of the United States House of Representatives, Karen Haas. The District Court abused its discretion in denying the Clerk's motion to vacate in at least three independent ways. The District Court first abused its discretion in engaging in a public interest analysis in the first instance. Controlling law requires that courts grant a motion to vacate wherever the underlying dispute has become moot through no fault of the party seeking vacater. Well, then why is it an abuse of discretion standard if they're required to act as you say they are? Because it's always an abuse of discretion under this Court's precedence if there is a mistake of law, and that is exactly one of the problems with the District Court. But why is the standard abuse of discretion if we read the law as requiring the Court to rule as you say it should have? I'm sorry, go ahead, I'm sorry, where does the discretion come in? Yes, Your Honor, I think where discretion would come in is if a District Court found that the party was at fault and yet still vacated. And courts can do that under Bancor and under this Court's decision in Valero in exceptional circumstances case Bancor and Valero make clear that where the party who is seeking vacater was not at fault, then vacater should be automatic, but provide a second door which is this extraordinary circumstances door. In applying those extraordinary circumstances, there's probably more room for a weighing or an abuse of discretion type analysis. Why do you want vacated? Do you want the entire opinion vacated or do you want the portion of the opinion dealing with the unavailability of the sovereign immunity defense vacated? The latter, Your Honor. We moved to vacate. You don't want the venue vacated. No, Your Honor. We moved only to vacate the District Court's sovereign immunity decision and the venue decision. Nobody moved to vacate that. Plaintiffs at Paliz could have moved, they did not. But the sovereign immunity discussion was dicto after the venue ruling. Well, Your Honor, I agree that the District Court need not have addressed it. The District Court could have addressed only venue and sent the case out the door in that. But I, you know, I've really never seen a case where somebody came up and tried to lodge an appeal, the purpose of which was to have dicto in a particular case, in a particular opinion below vacated. That just is a very odd circumstances. I've seen people that wanted judgments vacated every day of the week. We get four appeals every day. But I haven't seen many people that wanted, that were trying to lodge an appeal with this dicto vacated. Well, it has no, it has no binding effect on anything. Your Honor, I think the reason we're here, and the point you're making maybe goes to how important that underlying decision was on sovereign immunity. And this is a point where it wasn't just the House or the clerk, but also the Senate and the Department of Justice all thought that sovereign immunity barred, you know, it's not the importance of something, but we take appeals from people who have a quarrel with judgments. And the judgment here was the dismissal for lack of proper venue. And that's, you know, whether the dismissal was with prejudice or normally for a venue dismissal, the dismissal would be without prejudice, either one of those is appealable because it's a final judgment under section 1291. But and so you take an appeal from an adverse judgment all the time. But you, I mean, this appeal is from unpleasant dicto. And that, you know, that's, that's, that's odd. Your Honor, I know that's a point that the other side has made. And respect. No, it's a point I made. Respectfully, Your Honor, I strongly disagree. And here's why I disagree. Our appeal is not from the underlying decision. Our appeal is from the denial of our motion to vacate. We filed a motion to vacate. The district court rejected that. We lost. So that is what we're appealing. And that is a final decision under the decisions of the Supreme Court, this court, and we looked in other circuits as well, 11 of the 13 circuits, we found authorities saying that is a final decision and no circuit saying otherwise. That's a final decision. And we lost. So we have standing to complain about that. Where the district court did what it did here, which was apply the wrong law in considering that vacator analysis. The district court applied the wrong law. And it did that both in engaging in the public interest analysis in the first place. And then secondly, not only in considering the public interest. Okay. So if your view is, if your view is taken, you can forego an appeal from a final judgment, which you did. You didn't appeal the venue dismissal. You can then bring a Rule 60B motion, or you can forego the appeal from the final judgment. Then you can forego a Rule 59E motion for modification of the judgment or opinion. And you can bring a Rule 60B motion, the thrust of which is not the judgment or relief from judgment, but to vacate dicta. I mean, Rule 60B isn't talking about vacating, isn't talking about dicta or quarrels with unfavorable language. What Rule 60B is talking about is relief from judgment. All of these rules, whether it be 1291 or Rule 60B are talking about judgments. And that's the problem I have here is where is the judgment that you have a quarrel with? I mean, your view about Rule 60B may be fine, but when you look at that rule, it says a judgment procured by fraud, a judgment procured by duress, and 1291 speaks in terms of judgment. And you don't have any quarrel with the judgment. And that's my problem under 1291. That's my basic problem. Your Honor, we do have a quarrel with the judgment because the judgment against us was the denial of our motion to vacate. And that is an appealable order. That is a final decision under 1291 as all the courts have recognized. And that is our quarrel. They didn't involve this Senate. Well, Your Honor, I know that plaintiffs' appellees argued that there would be a flood of appeals in the circumstance that you just articulated. But Your Honor, that has been the law for decades, and there has been no flood of appeals. Could I ask a slightly different? Are you familiar, are you aware of another circumstance in which there has been a successful request for vacature of a part, a piece of an opinion? Yes, Your Honor, and thank you for asking because this is exactly what the Supreme Court did in the Camretta case. In the Camretta case, the case came up to the Supreme Court. The Supreme Court realized that the case had become moot. And what did it do? It vacated the part of the Ninth Circuit opinion, the part of the Ninth Circuit opinion that was the part that was being challenged. And it didn't vacate the other part because that hadn't been appealed, just like the venue ruling has not been appealed here. And it specifically vacated the part of the opinion, it didn't use the word judgment. And why? Because it was the opinion that contained the adverse decision to the party there. Just like here, it's the opinion below, the district court's opinion that included the adverse sovereign immunity ruling. If you just look at the order, which I think is what plaintiffs' appellees would like, I mean, they say now, of course, they didn't say this below, it was waived, but they say now they would have liked for us to have challenged the order. What did the order say? The order says our motion was granted in part to see where we lost, to see that we lost the sovereign immunity decision. You won, and that's why you didn't take the appeal, because you wanted to be strategic about it, which is fine, because you didn't want to take the appeal because you didn't want to put the venue ruling at risk. Respectfully, Your Honor, I disagree, that's not true. The reason... I know you disagree. The problem that I'm having with your argument is it gets us to the point where we are appealing opinions and not judgments. That's where we're going. That's where your argument is going, where we take appeal, even where a party has won a favorable judgment, we take appeals and here they are from a piece of an opinion. But not only that, a piece of dicta that doesn't have any binding effect at all. No, Your Honor, and two responses, if I could. One is we're not appealing from the judgment, the underlying decision below. We're appealing from the loss, our loss on the motion to vacate. That's what we're appealing from. And even if you analyze... You have to look at what's underlying the whole thing, I mean, otherwise people could file these sorts of Rule 60B motions and then say, oh, it's a final judgment because my Rule 60B motion was denied. Rule 60B motion about what? Your Honor, I'll turn to the underlying judgment if you want to analyze it that way. That way, we lost in part there too. We moved to dismiss with prejudice. We won in part, we got a dismissal, but we lost in part. We did not get a dismissal with prejudice. We lost on that. And this Circuit's precedents say we certainly could have appealed that partial loss. That's the Custer case from this case. And even the HCA case, which plaintiffs' appellees rely strongly on, the HCA case says, what about this circumstance? What about if we had brought two arguments below and we won on one of them, right? So we just won our judgment in full, unlike here where we lost, at least in part. But what if we won in full, but on the other argument, the Court addressed it and said, now you're wrong on that. The HCA case from this Circuit says expressly that we could appeal in that circumstance. Now we're not doing that, but that just shows that there's no change in the law that we're seeking here. So assuming that you can appeal as you wish to do, you still have to get beyond abusive discretion. And as I read Valero, whether or not the movement is at fault is one consideration. It is not the only consideration. Under Valero, Your Honor, the recent cases don't consider public interest at all. We cite two Supreme Court cases from the last five years, Camreta and Alvarez. They find that the party that would benefit from vacator was not at fault, and they automatically vacate. We cite four or five cases from this Circuit from the last decade that do the same thing. Even if you go back to the Valero case, which says- But why does the fact that it has been done without discussion make it mandatory? Well, there is discussion in those cases about the fault, and once the party's not at fault, like the clerk wasn't here, they immediately move to vacate. Now to Your Honor's question, though, about yes, Valero did recognize that the public interest can be a consideration as well, but it expressly said that it's a secondary consideration. It said the principal consideration is fault, and so does Bancor and the Supreme Court, and then Anderson from the Supreme Court says the pivotal consideration is fault. I thought it was twin considerations of fault and public interest. And then says the principal consideration. It says, twice says the principal consideration. And that is why it's an abuse of discretion. Yes, Your Honor. And that is why the court wasn't obligated solely on the basis of the fault determination to rule in your favor. Well, Your Honor, in the DirecTV case, for example, which is a case I believe that Your is an abuse of discretion, because that's a mistake of law. Here, the Supreme Court and this Court were very clear in telling the district courts what factor is the principal factor. The district court considered only two factors, fault, which it said broke for us and vacater, and then public interest, which it thought broke the other way. So it's one to one, and then it went with the public interest. No, not. I don't understand why we would get into the merits of it, because just because you style your motion as a Rule 60B motion doesn't mean that it is a Rule 60B motion. We have people styling motions all the time. We have people styling things as 2241s. We have people styling things as writs of Carl Nobis. We have people that put all kinds of styles and headings on things. But the problem is a 60B motion seeks relief from judgment. And you're seeking relief from an opinion. And you can style it a 60B motion and say 60B motions are final appealable orders. And I agree. Normally, they might be. But when something, no matter, we are not bound to take at face value the way you style your motion. And this is not a relief from judgment. Fair enough, Your Honor. But Rule 60B does not refer only to judgments. It refers to orders, judgments, and proceedings. And Bancor in the Supreme Court and Valero in this circuit both said that vacator is available under Rule 60B. So I don't think there's any question about that, that it is available. And the three reasons that the district court abused its discretion, Your Honor, I see my time is up. You can finish that thought. The three reasons that the district court abused its discretion. First, by considering the fault factor given the recent cases. Second, by giving that factor principal weight when the controlling authority says the opposite. And third, because in considering the public interest, the district court considered only a single interest. And that was the value in retaining judicial decision. The Supreme Court in Bancor expressly rejected that as a public interest. It said that is not a public interest in cases like this one, where that underlying decision evaded the testing that comes with a ballot review in the normal course. So the one thing on which the whole district court decision rests is invalid, rejected by the Supreme Court. Okay, thank you. Thank you, Your Honor. Mr. Spitzer. Thank you, Chief Judge Traxler, and may it please the court. I'd like to begin, if I may, by responding to Judge Duncan's earlier question about are there cases in which only part of a lower court decision was vacated? And the answer is yes, there are lots of such cases. But they are all cases, as far as I've been able to tell, in which only part of the decision below became moot. And so, Camrata, such a case from this court, Mellon against Bunting, the VMI prayer case was such a case where the request for injunctive relief became moot. The students had graduated. And that was vacated, but not the part about... That's quite a different... To vacate a remedial portion of... To revisit... Courts always have authority to revisit questions and change injunctions. Yes. But this is a little hard for me even to visualize, that you take a part of the opinion out that you don't like and leave the rest just... That's... Excuse me. I'm sorry. It just seems very odd. Well, we agree. And that's just the point I was getting to make, which is I'm not aware of a case in which only part of a decision below has been vacated when the whole decision below is what became moot and not just a claim or a particular remedy. I haven't found such a case, and yet that's exactly what the appellants here are trying to do. And I think that leads to two conclusions. One is the district judge did not abuse his discretion. And two, the appellants here don't have appellate standing to pursue this appeal. And this is maybe a slightly different emphasis from the emphasis that Judge Wilkinson was pointing towards with his questions. It may be that the appellants here were entitled to file an appeal from the denial of a 60B motion, but we don't believe that the clerk has standing to pursue that appeal here. And HCA Health Services from this court, I think, is the key case that shows that that's true. In that case, similar to here, the district judge had ruled for Metropolitan Life on one issue, that its conduct in setting up certain PPO health plans did not violate Virginia state statutes and did not rule in its favor on its affirmative defense that ERISA preempted the state statutes. And so they didn't get a dismissal with prejudice of that defense and appealed from the denial of a dismissal prejudice that they wanted. But the court said, Chief Judge Ervin wrote the opinion, that there was no appellate standing where there was no injury to the appellant. And that the only injury appellant can claim, as he wrote at page 125 of HCA, is the lack of a better precedent, the lack of a precedent they would have liked to get. And Custer against Sweeney echoed that same reasoning, that simply the desire for a better precedent does not by itself confer standing to appeal. That's Custer at 1164. We think this case is in the same posture and should be dismissed for that reason. But even if the court got past standing to appeal to the merits, we believe that Judge Williams below did not abuse his discretion in ruling as he did for two main reasons. And first, we reject the clerk's argument that there's only one legitimate consideration here, which is fault. The very words that this court uses in talking about fault as the principal or primary criterion necessarily imply that there are other relevant criteria. You can't have a principal criterion and it also be the only criterion. Principal means first, among others. It doesn't mean only. And the other criterion, as this court has emphasized in Solero and as the Supreme Court emphasized in Bancorp, is the public interest. And those two criteria may weigh differently in different cases. When the Supreme Court is talking about vacating the decision of a court of appeals, will the decision of a court of appeals, a decision of this court, is binding precedent on all district judges in the circuit and on all future panels of this court. So that decision has teeth. And if not vacated, it will continue to have operative effect. That's what I was getting at when I talked about judgments and appeals of judgment. You know, that if a desire for a slightly different district court opinion or a desire for a better, for an opinion that was written in a different way or a better precedent, where there's no adverse judgment, but just a desire for a better statement of reasons or better precedent affords the basis of appeal, we're going to be flooded. And that, whether you express it in terms of standing to appeal or the basis for appeal, or whether, you know, or the importance of appealing judgments, not opinions, the question basically at bottom is what you've put it, that a desire for a better precedent doesn't serve as the basis for an appeal. And that is 100% our position, Judge Wilkinson. We agree. And if you look at decisions that have been vacated, they are all decisions, rulings, judgments, orders that had teeth, that made a difference to a party. It may not even have to be a final judgment, but it has to be an order or some judicial act that has some effect. Otherwise, we just take leave of the case of controversy requirement. Because, you know, an appeal is of a judgment or an order or something that, as you put it, has teeth. And if it's not that, we don't really have anything other than a trumped up controversy or a debate over an opinion. I think that's correct, Your Honor. And looking at the cases cited by Ms. Haas in her brief, the cases that were vacated, whether they were judgments or orders, injunctions, all had continuing effect on the parties in the case, or at least on future parties to litigation who would be bound by them in some way. And, for example, the clerk cites three recent cases from this court vacating parts of district court opinions, and every one of them was in that category, where the ruling below would have continued coercive effect. Either it was an injunction against enforcement of state law, a declaratory judgment that state law was preempted by federal law. In none of the cases that I've seen was an order dismissing a claim vacated, because there was nothing to complain about on the part of the victorious party below who had succeeded in getting a claim against it dismissed. And I think the district court legitimately balanced the public interest here, giving it more weight than perhaps it was entitled to in other cases, because there was no harm, no injury, in fact, to the clerk of the House from allowing that decision to stand. And there was value in allowing Judge Williams' careful and we think quite correct discussion of the sovereign immunity issue to remain as a judicial opinion. After all, the taxpayers paid for his time and effort in writing that opinion. It's published in FedSecond. The underlying question of whether an official of the legislative branch who allegedly violates the constitutional rights of a citizen should be amenable to suit for injunctive relief, the same as officials of the executive branch are amenable to suits for injunctive relief despite the sovereign immunity of the United States, is an important question, and it seems to us a question that Judge Williams answered correctly. Ex parte Young was more than a hundred years ago in which the Supreme Court told us that state officials who allegedly violate the Constitution are amenable to suit in federal court despite state sovereign immunity. It was established even before ex parte Young that federal officials who allegedly violate the constitutional rights of citizens can be sued for injunctive relief, not damages, in federal court for the constitutional rights because they, in effect, act ultra vires when they act without constitutional authority. And it would make no sense at all to say that an official of the legislative branch acting in an administrative capacity, as the clerk of the House was here, we're not talking about an injunction seeking to require the speaker of the House to sign a bill. We're talking about an injunction asking an administrative official of the legislative branch to take or not take certain administrative action required by statute but allegedly violating the Constitution. It makes no sense at all to say that legislative branch officials cannot be sued for injunctive relief when executive branch officials and, for that matter, judicial branch officials can. You can sue the administrative office of U.S. courts if it allegedly does something unconstitutional. And so we think Judge Williams' opinion on the merits of this issue was quite correct and that he did not abuse his discretion, and that is the standard as both parties agree. He did not abuse his discretion in declining the clerk's, we think, improper request to, in effect, edit his opinion, take a red pencil and knock out the six paragraphs that the clerk didn't like while leaving the rest. The whole case was moot. Perhaps the clerk would have had a right to have the whole judgment vacated, but as Judge Wilkinson pointed out earlier, the clerk didn't want that. The clerk liked his decision in their favor, dismissing the case. And so here the clerk was trying to have her cake and eat it too, get six paragraphs she didn't like, excised from Judge Williams' opinion. We think that was an improper request and we think his denial was quite correct. And for those reasons, we urge that either this appeal be dismissed for lack of appellate jurisdiction or that the judgment below be affirmed. Thank you very much. If you have no further questions. Thank you, Mr. Spitzer. Mr. Pittard? Can you just tell me why this issue is so important to you? Yes, Your Honor. It's a practical matter. Yes, Your Honor. The underlying issue is whether legislative branch officials can be hauled before this branch, judicial branch, in cases like this. That is a very important structure of government issue. It's a big question. It's a question the district court didn't need to reach in the first place, and particularly because the district court didn't need to reach it in the first place, that counsels especially for vacater here. And it's not a hypothetical issue. It actually happened here where once this case was thrown out on venue grounds, they came back and they sued us in a different court. And the clerk is responsible for publishing these financial disclosure forms and making them available to the public, and she certainly might be sued again. I mean, the underlying issue is these things go up on the Internet. Well, they're still going up on the Internet because folks come down. We make them publicly available, the clerk does. Folks come down, they get them, and they put them up on the Internet. So it's still up on the Internet. These issues are still alive. Your Honors, if I could address three things in particular. One, just to emphasize, no court in this court or the Supreme Court, no controlling authority, neither side has found any case in which vacater was not granted to a party that was not at fault for causing the mootness. This would be the first time that the Supreme Court or this court has allowed that to happen, and that is extraordinary. Second point on the merits is that plaintiffs' appeals make an important concession on pages 32 and 33 of their brief. They say if they argue that we should have appealed the main decision rather than seeking vacater, and they say if we had done that, then vacater would have been granted, quote, in the usual course, end quote. So they can see that vacater was the proper remedy here. They just say we should have appealed, we should have come to this court to get that remedy rather than ask the district court. But that doesn't make any sense. One, there's no need to bother this court. And two, the law is clear that Rule 60b-6 provides a vehicle for vacater below. So there's no reason to do that. And now to go, so on the merits, I think we were clearly right. The district court made a substantial error of law and abused its discretion. So that brings us to the questions that your honors have raised about standing or that there's something odd here. And I think the underlying point is just to go back to why are we here. We're here because our motion to vacate was denied. We filed a motion to vacate. It was denied. There is no question that is an appealable order and that we lost, and therefore we have standing to be here. You're omitting part of a sentence, your motion to vacate. Your motion to vacate what? It wasn't an order. It wasn't a judgment. It wasn't anything with any binding effect. It's a motion to vacate dictum. No, Your Honor. No, Your Honor, because we lost in part below. We filed a motion to dismiss with prejudice. We only got a motion to, we only got an order to dismiss. Why didn't you take a direct appeal? Because the case became moot before our time ran out to do that. The case was moot. They acknowledged, there's no question the case was moot. They acknowledged that by withdrawing that new suit that they filed in DDC. They withdrew that because the law was changed and the case became moot. You didn't take a direct appeal because you wanted to preserve the venue ruling. No, Your Honor, because we could have, what we would have appealed. You loved the venue ruling. You were happy with it. What we could have appealed, Your Honor, is the part that we lost, which was the motion to dismiss with prejudice. That wasn't the venue ruling. We would not have appealed the venue ruling. What we would have appealed is the part we lost, which was the denial of our motion to dismiss with prejudice, which was the sovereign immunity issue. And that is an appeal, Custer, in this court, says that is an appealable decision. We had standing to do that. We could have done it. And if you look at footnote two of our reply in support of our motion for vacator, we note that every other circuit says the same thing. I think we cite like seven circuits that say the same thing, that when you lose on a motion, when you win in part, your motion to dismiss without prejudice, that part's granted, but your motion to dismiss with prejudice is denied. That is an appealable order. How many litigants are there that find some piece of dicta in an opinion to be disagreeable to them? There must be, I can't even begin to count the number of litigants out there who might forego a direct appeal, raise a 60B motion because they find not an order or judgment, not to their liking, but they don't like some piece of dicta in an opinion. A product's liability case involving a company may make some unfavorable statements in the course of that opinion about the particular product involved. And that may be unsuitable for them. They may be, you know, they're unflattering comments about institutions and parties. They're principles of, you know, they're all kinds of statements that are made in an opinion that you would want corrected. But normally what you do that is you file a petition for rehearing. At this court, if you don't like something in an opinion and you want the opinion revised, you file a petition for rehearing. And sometimes we modify opinions based on that. Or the other thing you can do is file a 59E motion and you can get a modification of it that way. But you never did any of that. You didn't do a direct appeal. You didn't, you know, didn't do a petition for rehearing. You didn't do a 59E motion. You came in with this. Yes, Your Honor, that's right. What we did do is a Rule 60B motion, which is a perfectly suitable method to get vacated. That's what this court has said in Valero. That's what the Supreme Court says in Bancorp. In the Bancorp, the Supreme Court says, you know, you could do this under 60B in the district court. Well, then you must realize, you know, even assuming that the 60B motion, in light of all the other opportunities you have foregone, would be summarily dismissed. Because, you know, there are not many people who get 60B motions granted after they foregone direct appeals and after they have foregone 59E motions. Those don't get granted unless there's some sort of chicanery or fraud or something going on. And there wasn't any of that here. Or, Your Honor, if I could, or if the case becomes moot through no fault of the party seeking vacater, which is exactly what happened here. It's exactly what happened here. That, in those circumstances, the law is that vacater is the remedy. And, again, this court has never denied… You could have asked for the vacater on appeal. You could have asked for a remand to the district court to vacate that portion of the opinion. My problem is there are just a lot of different avenues you could have pursued. And my question I have is whether a 60B motion is a proper vehicle for this and whether it's anything, whether it's a substantial motion given all of the other avenues that were, all the other roads that were not taken that could have been taken. As I say, we have petitions for rehearing routinely asking us to modify opinions. That seems to me the proper vehicle for this. John, I would just emphasize again two responses to that. One, we couldn't have appealed because the case became moot within our time to appeal. So that's not a valid thing that we could have been expected to do. And as to the 60B thing, it is a equally, it's an independent, it's a different remedy. There's one remedy called appeal where you try and get the substance of the underlying decision reversed and changed. We did something more modest. We just asked for, because it had become moot and wasn't no longer subject to review, that it simply be vacated, be erased. We're not asking this court to rule in the sovereign immunity issue. We're not asking this. No, your honors. No, that we moved to vacate the part that we lost on, right? The, the, the, with the sovereign immunity issue on which we lost, they could have moved to vacate once the case become moot, became moot the venue issue. They could, and they would have been entitled to it, but they didn't ask for that. Right? We just moved to vacate was the adverse sovereign immunity ruling. That's what we moved to vacate. We lost on that. And, and that's an appealable order. And that's why we come before your honors. I guess better. I'll ask the clerk to adjourn court and then we'll come down and greet counsel.
judges: William B. Traxler, Jr., J. Harvie Wilkinson III, Allyson K. Duncan